# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MAUREEN BUERGER,**

      **Plaintiff,**

**v.**                                                 **Case No: 6:14-cv-312-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

The Claimant Maureen Buerger (the "Claimant") brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying the Claimant's applications for a closed period of disability and disability insurance benefits ("DIB"). Doc. No. 1. Claimant argues, among other things, that the Appeals Council erred by failing to consider and include new and material evidence into the administrative record. Doc. No. 19 at 19. For the reasons set forth below, the final decision of the Commissioner is **REVERSED** and **REMANDED** to the Appeals Council for further proceedings.[1]

---

[1] In *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1261 (11th Cir. 2007), the Eleventh Circuit explained:

> When a case is remanded, 'the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision.' 20 C.F.R. § 404.983. If the case is remanded by the Appeals Council to the administrative law judge, the process starts over again. *Id*. § 404.984. If the case is decided by the Appeals Council, then that decision is subject to judicial review. *Id*.

*Ingram*, 496 F.3d at 1261.

I.      **ANALYSIS.**

On March 24, 2010, Claimant filed an application for a period of disability and DIB, alleging an onset of disability beginning March 22, 2010. R. 35, 156-57. On February 27, 2012, the Administrative Law Judge (the "ALJ") issued a decision finding Claimant not disabled from March 22, 2010 through the date of the ALJ's decision. R. 35-44. On March 12, 2012, Claimant requested Appeals Council review of the ALJ's decision. R. 30. On August 1, 2013, the Appeals Council denied Claimant's request for review. R. 13-15. On November 6, 2013, the Appeals Council set aside its August 1, 2013 denial and provided Claimant with an opportunity to submit new and material evidence with respect "to the issues contained in the [ALJ's decision] dated February 27, 2012." R. 8-9.

On January 31, 2014, the Appeals Council issued a new decision denying Claimant's request for review. R. 2-3. In its order denying Claimant's request for review, the Appeals Council states the following:

> We found no reason under our rules to reopen and change the decision. . . .
>
> With the request for reopening, <u>you included treatment notes from Bravard [sic] Cardiovascular Associates dated February 22, 2011 – March 4, 2011 as well as a physical restriction evaluation from Brian McKnight, MD dated September 6, 2013</u>.
>
> We considered whether the [ALJ's] action, findings, or conclusions were contrary to the weight of the evidence of record. <u>We found that this information does not provide a basis for changing the [ALJ's] decision</u>.

R. 2 (emphasis added). The Appeals Council's order states that it considered two items of additional evidence: treatment notes from Brevard Cardiovascular Associates dated February 22, 2011 through March 4, 2011; and a "physical restriction evaluation from Brian McKnight, MD dated September 6, 2013". R. 2. The Appeals Council then concludes that this information does

not provide a basis for changing the ALJ's decision. R. 2. The Appeals Council, however, did not make the additional evidence part of the administrative record. *See* R. 1-837.

In her brief on appeal to this Court, Claimant attaches attaches the following evidence: (1) a September 20, 2013 letter from Claimant's counsel to the Appeals Council identifying the new evidence Claimant is submitting for consideration; (2) treatment notes from Brevard Cardiovascular Associates dated February 21, 2011 through March 21, 2011; (3) a September 6, 2013 letter from one of Claimant's treating physician, Aldino Cellini, MD, regarding his November 2, 2011 medical opinion and a discrepancy in the administrative record before the ALJ; and (4) a physical restrictions evaluation from Brian McKnight, MD, dated September 6, 2013, which states that the opinions contained therein apply retrospectively to the period November 2010 through September 28, 2011. Doc. No. 19-1 at 1-14. The Commissioner does not dispute that the evidence attached to Claimant's memorandum (Doc. No. 19-1 at 1-14) is the evidence submitted to the Appeals Council. *See* Doc. No. 21 at 24 n.8 (stating Claimant "attaches the evidence to her brief" and citing Doc. No. 19-1 at 1-14). However, the order from the Appeals Council only states that it considered treatment notes from February 22, 2011 through March 4, 2011, which does not include the February 21, 2011 and the March 21, 2011 treatment notes attached to Claimant's memorandum. *Compare* R. 2 *with* Doc. No. 19-1 at 4, 9. Moreover, the Appeals Council's order does not mention Dr. Cellini's September 6, 2013 letter, which is also attached to Claimant's memorandum. *Compare* R. 2 *with* Doc. No. 19-1 at 11.[2]

---

[2] Dr. Cellini's letter (Doc. No. 19-1 at 11) is new evidence relating to issues before the ALJ. The treatment notes submitted to the Appeals Council and attached to the Claimant's memorandum on appeal are from Dr. Cellini. *Compare* R. 2 *with* Doc. No. 19-1 at 4-10. Dr. Cellini's letter states that he has treated Claimant both in the capacity as a cardiologist and as a primary care physician. Doc. No. 19-1 at 11. Dr. Cellini states that Claimant's prior primary care physician, Dr. Sigman, turned over his practice to Dr. Cellini and, on November 2, 2011, Dr. Cellini "filled out paperwork and signed [his] name to it regarding [Claimant's] candidacy for Social Security Disability." Doc. No. 19-1 at 11. The paperwork to which he refers is a November 2, 2011, physical residual functional capacity assessment ("RFC") signed by Dr. Cellini and a physician's assistant, Brian Hackett. *See* R. 829-837. The RFC was included in

The Commissioner maintains that the Appeals Council's failure to include the new evidence submitted by Claimant, and considered by it, into the administrative record is harmless error. Doc. No. 21 at 24 n.8. For the reasons set forth below, the Court finds that a remand for further proceedings is required.

A claimant is entitled to present new evidence at each stage of the administrative proceedings, including on appeal to the District Court. *See Ingram*, 496 F.3d at 1261. The Appeals Council is required to consider new and material evidence presented to it for the first time if it relates to the period on or before the date of the ALJ's decision. *See Keeton v. Dep't of Health and Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Ingram*, 496 F.3d at 1261; 20 C.F.R. §§ 404.970(b), 416.1470(b) ("Appeals council shall evaluate the entire record including the new and material evidence submitted to it if it relates to the period on or before the date of the [ALJ's] hearing decision.") (emphasis added). Moreover, "new evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review." *Keeton*, 21 F.3d at 1067. The Appeals Council's failure to consider new evidence and to deny review is part of the Commissioner's final decision and "subject to judicial review under sentence four of section 405(g)." *Ingram*, 496 F.3d at 1265. "When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision . . . amounts to an error of law." *Keeton*,

---

the record before the ALJ. R. 829-837. The ALJ gave the RFC opinion little weight because "it is not supported by any objective findings, there are no treatment records from Dr. Cellini, and it is inconsistent with the overall evidence in the record." R. 42. The ALJ further questioned whether Dr. Cellini was a treating physician because the only treatment note from him in the record is an EKG report, and the ALJ states that the Claimant's counsel submitted the RFC as an opinion from Claimant's primary care physician, who was Dr. Sigman. R. 42. In addition, the paragraph in the ALJ's decision addressing Dr. Cellini's opinion abruptly ends with an incomplete sentence: "There is no evidence [sic]". R. 42. Thus, Dr. Cellini's letter appears to be an attempt by Dr. Cellini to address the ALJ's concerns with respect to the identity of Claimant's treating physicians. Doc. No. 19-1 at 11.

21 F.3d at 1066.  *See also Ingram*, 496 F.3d at 1264-65 (emphasizing the above-stated holding in *Keeton*).

In this case, the Appeals Council received additional evidence, stated that it had considered certain additional evidence, and failed to include any of that evidence in the administrative record. R. 2.  Here, the parties do not dispute that the additional evidence attached to Claimant's memorandum is the evidence submitted to the Appeals Council.  The record before the Court does not support the conclusion that the Appeals Council actually considered Dr. Cellini's letter (Doc. No. 19-1 at 11) or the treatment notes dated February 21, 2011 and March 21, 2011 (Doc. No. 19-1 at 4, 9), all of which relate to the issues before the ALJ.  *See* R. 2.  The failure of the Appeals Council to consider that evidence amounts to an error of law, warranting remand under sentence four of section 405(g).  *See Keeton*, 21 F.3d at 1066; *Ingram*, 496 F.3d at 1264-65.

Alternatively, the Appeals Council's failure to include the new evidence it considered in the record, or at least identify all of the new evidence it actually considered, "makes it impossible for the district court to determine whether the Appeals Council correctly rejected the evidence submitted after the ALJ's decision."  *Carey v. Colvin*, No. 8:12-cv-2362-T-33EAJ, 2014 WL 7788475, at *3-5 (M.D. Fla. Mar. 10, 2014).  *See also Ingram*, 496 F.3d at 1260 ("failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal); *McMeans v. Colvin*, 2014 WL 2961090, at *2-4 (M.D. Ala. Jul. 1, 2014) (concluding reversal required where, due to the actions of the Appeals Council, it was unclear what new evidence the Appeals Council had actually considered when it denied review).

Based on the forgoing, the Court finds that reversal and remand to the Appeals Council is necessary in this case (*see supra* n.1).[3]

## II. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2. The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and

3. The Clerk is directed to close the case.

**DONE AND ORDERED** in Orlando, Florida on March 30, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies to:
Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable W. Stephen Hubbard
Administrative Law Judge
c/o Office of Disability Adjudication and Review
McCoy Federal Bldg

---

[3] Based upon the Appeals Council's error, it is impossible for the Court to determine whether substantial evidence otherwise supports the Commissioner's decision. *See Ingram*, 496 F.3d at 1260. Accordingly, it is unnecessary to consider the Claimant's other allegations of error. *See Davis v. Astrue*, 2011 WL 3841378, at *4 (M.D. Ala. Aug. 29, 2011) (finding that due to the Appeals Council's error reversal was required and, therefore, it was unnecessary to address the remaining issues on appeal).

100 W. Capitol St.
Jackson, MS 39269